IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JUAN MATA | § | |
| v. | § | CIVIL ACTION NO. 6:23cv484 |
| SHERIFF MAXEY CERLIANO, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Juan Mata, a former inmate of the Gregg County Jail, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On April 11, 2024, mail sent to the Gregg County Jail was returned with the notation that Plaintiff was no longer there. The on-line records of Gregg County show Plaintiff was released from the jail on December 14, 2023. http://beta.co.gregg.tx.us/OdysseyPA/JailingSearch.aspx?ID=400. Plaintiff has not provided his current address nor communicated with the Court in any way since that date. His lawsuit may be dismissed for failure to prosecute.

However, Plaintiff's lawsuit suffers from a more significant flaw. He was ordered to amend his complaint to set out a short and plain statement of his claims. In his amended complaint, Plaintiff states that he is suing Officer Gray for defamation of character. His statement of claim reads, in its entirety, as follows:

> I Juan Mata, SO# 117626, on Sept 15-16 at 1-5 p.m. in Dorm G, was confronted by Officer L. Gray regarding an incident about a t-shirt left by another inmate. CO Gray walked into the cell yelling at me and my cellmates while we were standing there watching TV. He started yelling at us, "you hear me you f***ing beaner, get your wetback ass back." I said "watch who you are talking to like that." He replied "I don't have to watch sh*t."

1

Defamation is a tort under Texas law. *WFAA-TV Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (setting out the elements of a defamation claim). There is no constitutional right to be free from defamation or slander, and so while a state may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a liberty or property interest of the sort protected by the Due Process Clause. *See Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Consequently, libel and slander are not cognizable under the Civil Rights Act. *See Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980); *Mowbray v. Cameron County, Texas*, 274 F.3d 269, 277 (5th Cir. 2001).

In *Castillo v. Bowles*, 687 F.Supp. 277, 282 (N.D.Tex. 1988), the plaintiff, a prisoner in the Dallas County Jail, brought suit alleging, *inter alia*, that he was defamed when jail guards said "very bad things" about him while he was in court. The district court determined that this claim lacked merit even if the prisoner's claims were true, he alleged only harm to his reputation, which is not protected by the Constitution, citing *Paul* and *White v. Thomas*, 660 F.2d 680, 684 (5th Cir 1981), *cert. denied*, 455 U.S. 1027 (1982). Plaintiff's claim of defamation fails for the same reason.

The name calling and insults which Plaintiff states that Officer Gray directed at him, while unprofessional and inappropriate, likewise do not set out a constitutional claim. Verbal insults or epithets in a prison or jail context do not violate the Constitution and are not actionable under 42 U.S.C. §1983. *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir.2002); *Bender v. Brumley*, 1 F.3d 271, 274 n. 1 (5th Cir.1993). Plaintiff's claim lacks an arguable basis in law and fails to state a claim upon which relief may be granted.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 325-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Plaintiff's claims lack any arguable basis in law and fail to state a claim upon which relief may be granted. Consequently, this lawsuit may be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §1915A(b). *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005)

RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 19th day of April, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE